USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/26/17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE: FORCEFIELD ENERGY INC.
SECURITIES LITIGATION

Case No.: 15 Civ. 3020 (NRB)

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND
PROVIDING FOR NOTICE

EXHIBIT A

WHEREAS, (i) Lead Plaintiff Beverly Brewer ("Lead Plaintiff") and Named Plaintiffs Nipul Patel and Edward Huang ("Named Plaintiffs"), on behalf of themselves and the putative securities class (collectively, "Plaintiffs"); (ii) ForceField Energy, Inc. ("ForceField" or the "Company"), David Natan, and Jason Williams (the "ForceField Defendants"), (iii) DreamTeamGroup ("DTG") and MissionIR ("MIR") (the "DTG Defendants"); and (iv) Goldman Small Cap Research ("GSCR") and Robert Goldman (the "GSCR Defendants," and, collectively with Plaintiffs, ForceField Defendants, and DTG Defendants, the "Settling Parties"), have entered, by and through their respective counsel, into a settlement of the claims asserted in the Action, the terms of which are set forth in a Stipulation and Agreement of Settlement, dated July 26, 2017 (the "Stipulation"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions for the proposed settlement of the claims alleged in the Consolidated Third Amended Complaint For Violation of the Federal Securities Laws ("TAC") filed in the Action; and the Court having read and considered the Stipulation, the proposed Postcard Notice ("Postcard Notice"), the proposed "Notice of Pendency and Proposed Settlement of Class Action" ("Notice"), the proposed "Summary Notice of Pendency and Proposed Class Action Settlement" ("Summary Notice"), the proposed Plan of Allocation of the Net Settlement Fund among Settlement Class Members ("Plan of Allocation"), the proposed form of the Proof of Claim and Release ("Proof of Claim"), the proposed form of Order and Final Judgment, and submissions made relating thereto, and finding that substantial and sufficient grounds exist for entering this Order;

NOW, THEREFORE, IT IS HEREBY ORDERED, this 26th day of September, 2017, that:

1. Capitalized terms used herein have the meanings defined in the Stipulation.

1

Case 1:15-cv-03020-NRB Document 243 Filed 09/26/17 Page 3 of 14
Case 1:15-cv-03020-NRB Document 242-1 Filed 09/19/17 Page 3 of 14

EXHIBIT A

2. Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and for the purposes of the Settlement only, the Action is hereby preliminarily certified as a class action on behalf of all persons who purchased or otherwise acquired common stock of ForceField during the period from August 20, 2013 through and including April 20, 2015. Excluded from the Settlement Class are:

(a) Settling Defendants, and all current and former officers, directors and control persons of ForceField, and such excluded persons' immediate families, legal representatives, heirs, predecessors, successors, and assigns, and any entity in which any excluded person has or had a controlling interest;

(b) ForceField's Executive Chair of the Board of Directors during the Class Period, Richard St. Julien;

(c) Those persons who file valid and timely requests for exclusion in accordance with this Order;

(d) Those persons who have a net profit in purchases and sales of ForceField common stock or otherwise suffered no compensable damages under the securities laws during the Class Period;

(e) Any brokerage houses or brokers, including Herschel C. "Tres" Knippa III, Richard L. Brown, Chelsea Morgan Securities, Inc., dba Chelsea Financial Services, Gerald Cocuzzo, Newbridge Securities Corporation, Naveed A. "Nick" Khan, Meyers Associates, L.P., Maroof Miyana, Legend Securities, Inc., Pranav V. Patel, and Dawson James Securities, Inc.; and

(f) The person identified as "CC-1" in the Third Amended Complaint, and any persons identified as conspirators or co-conspirators in the civil action brought by the Securities and Exchange Commission, *SEC v. St. Julian*, et al., No. 1:16-cv-2193 (E.D.N.Y. May 3, 2016),

Case 1:15-cv-03020-NRB   Document 243   Filed 09/26/17   Page 4 of 14
Case 1:15-cv-03020-NRB   Document 242-1   Filed 09/19/17   Page 4 of 14

EXHIBIT A

or in the criminal indictment brought by the United States government, *U.S. v. Mitchell*, et al., No 1:16-cr-00234-BMC (E.D.N.Y. May 2, 2016).

3. The Court finds, preliminarily and for purposes of the Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members are so numerous that joinder of all the Settlement Class Members is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class they seek to represent; (d) the Plaintiffs will fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, preliminarily and for the purposes of this Settlement only, Plaintiffs are certified as the class representative on behalf of the Settlement Class ("Class Representatives") and Lead Counsel (The Rosen Law Firm, P.A.), previously selected by Plaintiffs and appointed by the Court, is hereby appointed as Lead Counsel for the Settlement Class ("Class Counsel").

5. The Court finds that (a) the Settlement Stipulation resulted from good faith, arm's length negotiations, and (b) the Settlement Stipulation is sufficiently fair, reasonable and adequate to the Settlement Class Members to warrant providing notice of the Settlement to Settlement Class Members and holding a Settlement Hearing.

Case 1:15-cv-03020-NRB  Document 243  Filed 09/26/17  Page 5 of 14
Case 1:15-cv-03020-NRB  Document 242-1  Filed 09/19/17  Page 5 of 14

EXHIBIT A

6. A hearing (the "Settlement Hearing") pursuant to Federal Rule of Civil Procedure 23(e) is hereby scheduled to be held before the Court on *February 8* 2018, at *11* a.m. in Courtroom 21A at 500 Pearl Street, New York, New York 10007, for the following purposes:

(a) to finally determine whether the Action satisfies the applicable prerequisites for class action treatment under Federal Rules of Civil Procedure 23(a) and (b);

(b) to finally determine whether the Settlement is fair, reasonable, and adequate, and should be approved by the Court;

(c) to finally determine whether the Order and Final Judgment as provided under the Stipulation should be entered, dismissing the Complaint on the merits and with prejudice, and to determine whether the release by the Settlement Class of the Released Parties as set forth in the Stipulation, should be ordered, along with a permanent injunction barring efforts to bring any claims extinguished by the release;

(d) to finally determine whether the proposed Plan of Allocation for the distribution of the Net Settlement Fund is fair and reasonable and should be approved by the Court;

(e) to consider the application of Class Counsel for an award of Attorneys' Fees and Expenses;

(f) to consider any Settlement Class Members' objections to the Settlement, whether submitted previously in writing or presented orally at the Settlement Hearing by Settlement Class Members (or by counsel on their behalf); and

(g) to rule upon such other matters as the Court may deem appropriate.

7. The Court reserves the right to adjourn the Settlement Hearing to a later date and to approve the Settlement with or without modification and with or without further notice of any kind. The Court further reserves the right to enter its Order and Final Judgment approving the

Case 1:15-cv-03020-NRB Document 243 Filed 09/26/17 Page 6 of 14
Case 1:15-cv-03020-NRB Document 242-1 Filed 09/19/17 Page 6 of 14

EXHIBIT A

Settlement and dismissing the Complaint, on the merits and with prejudice, regardless of whether it has approved the Plan of Allocation or awarded Attorneys' Fees and Expenses.

8. The Court reserves the right to approve the Settlement with such modifications as may be agreed upon or consented to by the Settling Parties and without further notice to the Settlement Class where to do so would not impair Settlement Class Members' rights in a manner inconsistent with Rule 23 and due process of law.

9. The Court approves the form, substance and requirements of (a) the Postcard Notice, (b) the Notice, (c) the Summary Notice, and (d) the Proof of Claim, all of which are exhibits to the Stipulation.

10. Class Counsel has the authority to enter into the Stipulation on behalf of the Settlement Class and is authorized to act on behalf of the Settlement Class Members with respect to all acts or consents required by or that may be given pursuant to the Stipulation or such other acts that are reasonably necessary to consummate the Settlement.

11. Strategic Claims Services is appointed and approved as the Claims Administrator for the Settlement.

12. Class Counsel, through the Claims Administrator, shall cause the Postcard Notice, substantially in the form annexed hereto, to be mailed, by first class mail, postage prepaid, no later than twenty-eight (28) calendar days of the entry of this Order, to all Settlement Class Members who can be identified with reasonable effort by the Claims Administrator. Further, Class Counsel shall, through the Claims Administrator, cause the Settlement Stipulation and its Exhibits, this Order, the Proof of Claim and Release, attached as Exhibit A-3 to this Preliminary Order, and a copy of the Notice to be posted on the Claims Administrator's website within twenty-eight (28) calendar days after entry of this Order.

Case 1:15-cv-03020-NRB Document 243 Filed 09/26/17 Page 7 of 14
Case 1:15-cv-03020-NRB Document 242-1 Filed 09/19/17 Page 7 of 14

EXHIBIT A

13. Class Counsel is authorized to establish a Notice and Administration Account (as defined in the Stipulation) of not more than $60,000 (Sixty Thousand Dollars), to be used for reasonable out-of-pocket costs in connection with providing notice of the Settlement to the Settlement Class and for other reasonable out-of-pocket administrative expenses. No additional amounts may be transferred from the Settlement Fund to the Notice and Administration Account without further order from the Court.

14. No later than ten (10) calendar days after the date of this Order, Defendants shall provide and/or cause its transfer agent to provide to Class Counsel a list of the record owners of ForceField common stock during the Settlement Class Period in a usable electronic format, such as an excel spreadsheet. This information will be kept confidential and not used for any purpose other than to provide the notice contemplated by this Order.

15. Class Counsel, through the Claims Administrator, shall also make all reasonable efforts to give notice to nominee owners such as brokerage firms and other persons or entities who purchased ForceField common stock during the Settlement Class Period. Such nominee purchasers are directed to forward copies of the Postcard Notice to their beneficial owners or to provide the Claims Administrator with lists of the names and addresses of the beneficial owners and the Claims Administrator is ordered to send the Postcard Notice promptly to such beneficial owners. Additional copies of the Postcard Notice shall be made available to any record holder requesting same for the purpose of distribution to beneficial owners, and such record holders shall be reimbursed from the Settlement Fund, upon receipt by the Claims Administrator of proper documentation, for the reasonable expense of sending the Postcard Notice to beneficial owners.

Case 1:15-cv-03020-NRB Document 243 Filed 09/26/17 Page 8 of 14
Case 1:15-cv-03020-NRB Document 242-1 Filed 09/19/17 Page 8 of 14

EXHIBIT A

16. Class Counsel shall, at or before the Settlement Hearing, serve upon Settling Defendants' counsel, and file with the Court, proof of mailing of the Postcard Notice, both to Settlement Class Members and to nominees.

17. Class Counsel, through the Claims Administrator, shall cause the Summary Notice to be published electronically once on *GlobeNewswire* and in print once in the *Investor's Business Daily* within twenty-three (23) calendar days after the entry of this Order. Class Counsel shall, at or before the Settlement Hearing, serve upon Settling Defendants' counsel and file with the Court proof of publication of the Summary Notice.

18. The forms and methods set forth herein of notifying the Settlement Class and its terms and conditions meet the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Exchange Act, 15 U.S.C. 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constitute the best notice practicable under the circumstances; and constitute due and sufficient notice to all persons and entities entitled thereto. No Settlement Class Member will be relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.

19. In order to be entitled to participate in recovery from the Net Settlement Fund after the Effective Date, each Settlement Class Member shall take the following action and be subject to the following conditions:

(a) A properly completed and executed Proof of Claim must be submitted to the Claims Administrator, at the Post Office Box indicated in the Postcard Notice and in the Notice, postmarked no later than *December 5*, 2017 (seventy (70) calendar days after entry of this Order). Such deadline may be further extended by Order of the Court. Each Proof of Claim

Case 1:15-cv-03020-NRB   Document 243   Filed 09/26/17   Page 9 of 14
Case 1:15-cv-03020-NRB   Document 242-1   Filed 09/19/17   Page 9 of 14

EXHIBIT A

shall be deemed to have been submitted when legibly postmarked (if properly addressed and mailed by first-class mail) provided such Proof of Claim is actually received before the filing of a motion for an Order of the Court approving distribution of the Net Settlement Fund. Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received by the Administrator at the address designated in the Postcard Notice and in the Notice.

(b)     The Proof of Claim submitted by each Settlement Class Member must satisfy the following conditions: (i) it must be properly filled out, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator or Class Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his current authority to act on behalf of the Settlement Class Member must be provided with the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c)     Once the Claims Administrator has considered a timely-submitted Proof of Claim, it shall determine whether such claim is valid, deficient or rejected. For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the claim was so determined. Persons who timely submit a Proof of Claim that is deficient or otherwise rejected shall be afforded

Case 1:15-cv-03020-NRB Document 243 Filed 09/26/17 Page 10 of 14
Case 1:15-cv-03020-NRB Document 242-1 Filed 09/19/17 Page 10 of 14

EXHIBIT A

a reasonable time (at least ten (10) calendar days) to cure such deficiency if it shall appear that such deficiency may be cured.

    (d)  For the filing of and all determinations concerning their Proof of Claim, each Settlement Class Member shall submit to the jurisdiction of the Court.

  20.  All Settlement Class Members who do not submit valid and timely Proofs of Claim will be forever barred from receiving any payments from the Net Settlement Fund, but will in all other respects be subject to and bound by the provisions of the Stipulation and the Order and Final Judgment, if entered.

  21.  Settlement Class Members shall be bound by all determinations and judgments in the Action, whether favorable or unfavorable, unless such persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided. A Settlement Class Member wishing to make such request shall mail it, in written form, by first class mail, postage prepaid, or otherwise deliver it, so that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, to the addresses listed in the Notice. Such request for exclusion shall clearly indicate the name and address and phone number and e-mail contact information (if any) of the person seeking exclusion, state that the sender specifically requests to be excluded from the Settlement Class, and must be signed by such person. Such persons requesting exclusion are also required to specify in their request all their purchases and sales of ForceField common stock during the Settlement Class Period, including, for each purchase or sale, the date, number of shares and price of the shares purchased or sold. The request for exclusion shall not be effective unless it provides the required information, is legible, is made within the time stated above, and is filed and served on both Class Counsel and Settling Defendants' counsel, or the exclusion is

Case 1:15-cv-03020-NRB Document 243 Filed 09/26/17 Page 11 of 14
Case 1:15-cv-03020-NRB Document 242-1 Filed 09/19/17 Page 11 of 14

EXHIBIT A

otherwise accepted by the Court. Class Counsel may contact any person or entity filing a request for exclusion, or their attorney if one is designated, to discuss the exclusion.

22. Settlement Class Members requesting exclusion from the Settlement Class shall not be entitled to receive any payment out of the Net Settlement Fund.

23. The Court will consider comments and/or objections to the Settlement, the Plan of Allocation, or the application for Attorneys' Fees and Expenses and any payment to Class Representatives, only if such comments or objections and any supporting papers are served to be received at least twenty-one (21) calendar days prior to the Settlement Hearing, upon each of the following:

**CLASS COUNSEL:**

    Jacob A. Goldberg, Esq.
    Gonen Haklay, Esq.
    THE ROSEN LAW FIRM
    101 Greenwood Avenue, Suite 440
    Jenkintown, PA 19046
    Telephone: (215) 600-2817
    Fax: (212) 202-3827

**COUNSEL FOR DEFENDANTS FORCEFIELD ENERGY, INC., DAVID NATAN, AND JASON WILLIAMS:**

    Martin H. Kaplan, Esq.
    GUSRAE KAPLAN NUSBAUM PLLC
    120 Wall Street, 25th Floor
    New York, New York 10005

**COUNSEL FOR DEFENDANTS DREAMTEAMGROUP AND MISSIONIR:**

    Jacob S. Frenkel, Esq.
    DICKINSON WRIGHT PLLC
    1825 Eye Street, Suite 900
    Washington, D.C. 20006

**COUNSEL FOR DEFENDANTS ROBERT GOLDMAN AND GOLDMAN SMALL CAP RESEARCH:**

Case 1:15-cv-03020-NRB   Document 243   Filed 09/26/17   Page 12 of 14
Case 1:15-cv-03020-NRB   Document 242-1   Filed 09/19/17   Page 12 of 14

EXHIBIT A

William S. Heyman, Esq.
LAW OFFICE OF WILLIAM S. HEYMAN
201 N. Charles Street, Suite 500
Baltimore, MD 21201

and the objector has (by that same date) filed said objections, papers and briefs, showing due proof of service upon counsel identified above, with the Clerk of the Court, U.S. District Court, Southern District of New York, 500 Pearl Street, New York, NY 10007. Attendance at the Settlement Hearing is not necessary but persons wishing to be heard orally in opposition to the Settlement, the Plan of Allocation, and/or the application for Attorneys' Fees and Expenses are required to indicate in their written objection (or in a separate writing that is submitted in accordance with the deadline and after instruction pertinent to the submission of a written objection) that they intend to appear at the Settlement Hearing and identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Settlement Hearing. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

24.   Any Settlement Class Member who does not object in the manner prescribed above shall be deemed to have waived all such objections and shall forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the Settlement, the Order and Final Judgment to be entered approving the Settlement, the Plan of Allocation, or the application for an award of Attorneys' Fees and Expenses and a payment to Class Representatives.

25.   The Court reserves the right to adjourn the Settlement Hearing or any adjournment thereof without any further notice other than entry of an Order on the Court's docket, and to approve the Settlement without further notice to the Settlement Class.

Case 1:15-cv-03020-NRB Document 243 Filed 09/26/17 Page 13 of 14
Case 1:15-cv-03020-NRB Document 242-1 Filed 09/19/17 Page 13 of 14

EXHIBIT A

26. All papers in support of the Settlement, the Plan of Allocation and any application for Attorneys' Fees or Expenses or a payment to Class Representatives shall be filed and served thirty-four (34) calendar days before the Settlement Hearing.

27. Any submissions filed in response to any objections or in further support of the Settlement, the Plan of Allocation and any application for Attorneys' Fees or Expenses or a payment to Class Representatives shall be filed no later than seven (7) calendar days prior to the Settlement Hearing.

28. Pending final determination of whether the Settlement should be approved, all Settlement Class Members, and each of them, and anyone acting or purporting to act for any of them, shall be enjoined from prosecuting, attempting to prosecute, or assisting others in the prosecution of, any Settled Claims. In addition, the Action is stayed.

29. In the event the Settlement is not consummated pursuant to its terms, the Stipulation, except as otherwise provided therein, including any amendment(s) thereto, and this Order, shall be null and void, of no further force or effect, and without prejudice to any Settling Party, and may not be introduced as evidence or referred to in any action or proceedings by any person or entity, and each party shall be restored to his, her or its respective position as it existed before the execution of the Stipulation, pursuant to the terms of the Stipulation.

Case 1:15-cv-03020-NRB  Document 243  Filed 09/26/17  Page 14 of 14
Case 1:15-cv-03020-NRB  Document 242-1  Filed 09/19/17  Page 14 of 14

EXHIBIT A

30.  The Court retains exclusive jurisdiction over the action to consider all further matters arising out of, or relating to, the Settlement, including by way of illustration and not limitation, any dispute concerning any Proof of Claim filed by any Settlement Class Member and any future requests by one or more of the Settling Parties that the Final Order and Judgment, the Release and/or the permanent injunction set forth in the Stipulation be enforced.

**IT IS SO ORDERED.**

Dated: September 26, 2017

HON. NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE