USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/26/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: FORCEFIELD ENERGY INC. SECURITIES LITIGATION | Case No.: 15 Civ. 3020 (NRB) |

# [~~PROPOSED~~] ORDER AND FINAL JUDGMENT

This matter came before the Court for a hearing pursuant to the Order of the Court, dated September 26, 2017, on the application of Lead Plaintiff Beverly Brewer ("Lead Plaintiff") and Named Plaintiffs Nipul Patel and Edward Huang (collectively, "Plaintiffs") for approval of the settlement set forth in the Stipulation and Agreement of Settlement, dated July 26, 2017 (the "Settlement Agreement"). Due and adequate notice having been given to the Class as required in the Court's Preliminary Approval Order, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used, but not defined herein, shall have the same meanings as in the Settlement Agreement.

2. The Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Members of the Class.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, for purposes of Settlement only, the Court finally certifies this Action as a class action, with a Class defined as follows:

> All persons who purchased or otherwise acquired common stock of Forcefield during the period from August 20, 2013 through and including April 20, 2015. Excluded from the Settlement Class are: (a) Settling Defendants, and all current and former officers, directors and control persons of Forcefield, and such excluded persons' immediate families, legal representatives, heirs, predecessors, successors, and assigns, and any entity in which any excluded person has or had a controlling interest; (b) Forcefield's Executive Chair of the Board of Directors during the Class Period, Richard St. Julien; (c) Those persons who file valid and timely requests for exclusion in accordance with this Order; (d) Those persons who have a net profit in purchases and sales of Forcefield common stock or otherwise suffered no compensable damages under the securities laws during the Class Period; (e) Any brokerage houses or brokers,

including Herschel C. "Tres" Knippa III, Richard L. Brown, Chelsea Morgan Securities, Inc., dba Chelsea Financial Services, Gerald Cocuzzo, Newbridge Securities Corporation, Naveed A. "Nick" Khan, Meyers Associates, L.P., Maroof Miyana, Legend Securities, Inc., Pranav V. Patel, and Dawson James Securities, Inc.; and (f) The person identified as "CC-1" in the Third Amended Complaint, and any persons identified as conspirators or co-conspirators in the civil action brought by the Securities and Exchange Commission, *SEC v. St. Julian,* et al., No. 1:16-cv-2193 (E.D.N.Y. May 3, 2016), or in the criminal indictment brought by the United States government, *US. v. Mitchell,* et al., No 1:16-cr-00234-BMC (E.D.N.Y. May 2, 2016). ("Preliminary Approval Order") (Dkt. No. 243 at ¶ 2).

4. With respect to the Class, and for purposes of Settlement only, the Court finds and concludes that the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) are satisfied as: (i) Members of the Class are so numerous that joinder of all Class Members in the Action is impracticable; (ii) there are questions of law and fact common to the Class that predominate over any individual questions; (iii) Plaintiffs' claims are typical of the claims of the Class; (iv) Plaintiffs and Plaintiffs' Counsel have fairly and adequately represented and protected the interests of all the Class Members; and (v) a class action is superior to all other available methods for the fair and efficient adjudication of the controversy, considering (a) the interests of the Members of the Class in individually controlling the prosecution of separate actions, (b) the extent and nature of any litigation concerning the controversy already commenced by Members of the Class; (c) the desirability or undesirability of continuing the litigation of these claims in this particular forum, and (d) the difficulties likely to be encountered in the management of the Action. Accordingly, for Settlement purposes only, the Class is certified, Lead Plaintiff is appointed Class Representative, and The Rosen Law Firm, P.A. is appointed Class Counsel.

5. The Notice of Class Action Settlement ("Notice") was given to all Class Members who could be identified with reasonable effort in accordance with the terms of the Settlement

Agreement and Preliminary Approval Order. The form and method of notifying the Class of the pendency of the Action as a class action and the terms and conditions of the proposed Settlement met the requirements of Federal Rule of Civil Procedure 23 and the Constitution of the United States (including the Due Process Clause); and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

6. Pursuant to Federal Rule of Civil Procedure 23, the Court hereby approves the Settlement set forth in the Settlement Agreement and finds that:

a. the Settlement Agreement and the Settlement contained therein are, in all respects, fair reasonable, and adequate and in the best interests of the Class;

b. there was no collusion in connection with the Settlement Agreement;

c. the Settlement Agreement was the product of informed, arm's-length negotiations among competent, able counsel representing the interests of the Parties; and

d. the record is sufficiently developed and complete to have enabled Plaintiffs and Defendants to have adequately evaluated and considered their positions.

7. Four thousand twenty-eight (4,028) notices were sent to Class Members (ECF No. 249-1), and no Class Member has objected to any aspect of the Settlement.

8. Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Settlement Agreement.

9. The Action and all claims contained therein, as well as all of the Released Claims, are hereby dismissed with prejudice as to the Releasing Parties, including the Class. The Parties are to bear their own costs, except as otherwise provided in the Settlement Agreement.

10. Upon the Effective Date, Plaintiffs and each and every other member of the Class, on behalf of themselves and each and all of their respective successors in interest, representatives, trustees, executors, administrators, agents, heirs, estates, assigns, or transferees, but only (with respect to persons other than Class Members) to the extent such claims are derived by contract or operation of law from the claims of Class Members, shall be deemed to have, and by operation of this Judgment shall have, fully, completely, finally, and forever released, relinquished, and discharged all Released Claims (including Unknown Claims) as against all Released Parties, whether or not such Class Member executes and delivers a Claim Form. Claims to enforce the terms of the Settlement Agreement are not released.

11. Upon the Effective Date, Plaintiffs and all Class Members will be forever barred and enjoined from commencing, instituting, maintaining, prosecuting or asserting, either directly or in any other capacity, in any forum, any Released Claims against any of the Released Parties.

12. Upon the Effective Date, Defendants and all Released Parties agree to fully, completely, finally, and forever release, relinquish, and discharge Plaintiffs, the Class Members, and their counsel from all claims, allegations, sanctions or liabilities, including Unknown Claims, arising out of or relating to the investigation, institution, prosecution, settlement, or resolution of the Action. Claims to enforce the terms of the Settlement Agreement are not released.

13. Only those Class Members who filed valid and timely Claim Forms shall be entitled to participate in the Settlement and receive a distribution from the Initial Settlement Fund or from the contingent Additional Settlement Amount. All Class members, as of the Effective Date, shall be bound by the releases set forth herein whether or not they submit a valid and timely Claim Form.

14. Upon the Effective Date, the Court permanently bars, enjoins, and restrains any and all claims for contribution arising out of the Action (including, but not limited to, Released Claims) by any person.

15. Neither the Settlement Agreement nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants or any Released Party; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of the Defendants or any Released Party in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. The Released Parties may file this Order and Final Judgment in any action that may be brought against them in order to support a defense or counterclaim based on the principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

16. The Settlement distribution plan is approved as fair and reasonable, and Plaintiffs' Counsel and the Claims Administrator are directed to administer the Settlement Agreement and distribution plan in accordance with its terms and provisions. Any modification or change in the distribution plan that may hereafter be approved shall in no way disturb, affect or delay the Effective Date of the Settlement, and shall be considered separate from this Order and Final Judgment.

17. The Court finds reasonable the service award for Lead Plaintiff in the amount of $1,000.00 in recognition of the services she rendered on behalf of the Class. This amount shall be paid to Lead Plaintiff from the Initial Settlement Fund.

18. Plaintiffs' Counsel is hereby awarded 33 1/3% of the Initial Settlement Fund ($138,166.00) for their attorneys' fees, plus 33 1/3% of the contingent Additional Settlement Amount ($43,545.00), if applicable, said Additional Settlement Amount to be paid by June 30, 2020 by Defendants ForceField, Inc., Jason Williams, and David Natan (collectively, the "ForceField Defendants"), which sums the Court finds to be fair and reasonable. Plaintiffs' Counsel is hereby awarded $11,621.49 in reimbursement of reasonable litigation expenses, which expenses the Court finds to have been reasonably incurred. The foregoing amounts shall be paid to Plaintiffs' Counsel from the Initial Settlement Fund and from the contingent Additional Settlement Amount in accordance with the terms of the Settlement Agreement. Neither the Settlement disbursement plan nor the portion of this Order and Final Judgment regarding the attorneys' fees and litigation expenses application shall in any way disturb or affect this Order and Final Judgment or the Releases provided hereunder and shall be considered separate from this Final Judgment.

19. Without affecting the finality of this Order and Final Judgment in any way, the Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Initial Settlement Fund and contingent Additional Settlement Amount, including interest earned thereon; (b) disposition of the Initial Settlement Fund and contingent Additional Settlement Amount; (c) hearing and determining applications for attorneys' fees, expenses, incentive awards and interest in the Action; and (d) all parties herein for the purpose of construing, enforcing, and administering the Settlement Agreement, including any releases and bar orders in connection therewith.

20. The Court finds and concludes that during the course of the Action, the Parties and their respective counsel at all times and in all respects have complied with the requirements of Federal Rule of Civil Procedure 11.

21. In the event that the Settlement does not become effective in accordance with the terms of the Settlement Agreement, or the Effective Date does not occur, or in the event the Settlement Fund is returned to Defendant, then this Order and Final Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

22. Without further order of the Court, the Parties may agree to reasonable extensions of time or other reasonable modification necessary to carry out any of the provisions of the Settlement Agreement.

**IT IS SO ORDERED.**

Dated: February 26, 2018

HON. NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE